UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT C. REHFUSS and <br> JO ANN REHFUSS, | § <br> § <br> § | |
| Plaintiffs, | § <br> § | CIVIL ACTION NO. |
| v. | § <br> § | SA-09-CA-774 FB |
| GUADALUPE COUNTY, TEXAS, | § <br> § | |
| Defendant. | § <br> § | |

**REPORT AND RECOMMENDATION**

TO: Honorable Fred Biery
United States District Judge

This report and recommendation recommends dismissing this case. Previously, the district judge referred to me the motions to proceed *in forma pauperis* filed by plaintiffs Robert C. Rehfuss and Jo Ann Rehfuss (together, the Rehfusses). In considering the motions, I observed that this case is appropriately dismissed under 28 U.S.C. § 1915(e). I also determined that a Rule 11 warning is appropriate.

Section 1915(e) provides for *sua sponte* dismissal of an *in forma pauperis* proceeding if the court finds that the complaint "is frivolous or malicious" or "fails to state a claim upon which relief may be granted."[1] This provision permits the court to dismiss those claims whose factual

---

[1] 28 U.S.C. § 1915(e). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (affirming dismissal of pro se plaintiff's Title VII claim under section 1915(e)); *Gant v. Lockheed Martin Corp.*, 152 Fed. App'x 396, 397 (5th Cir. 2005) (affirming dismissal of non-prisoner's claim under section 1915(e)). *But see Allen v. Fuselier*, No. 01-30484, 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(I) & (ii) do not apply to an INS detainee because he is not a prisoner under the Prison Litigation Reform Act and then affirming the dismissal of the detainee's claim under Federal Rule of Civil Procedure 12(b)(6)).

contentions are clearly baseless.² Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.³ Similarly, it has been held that the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"⁴ Analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process for dismissing a case.

The Rehfusses seeks to sue Guadalupe County, Texas, for civil rights violations. The caption of the Rehfusses' proposed complaint reads "CIVIL RIGHTS VIOLATIONS PURSUANT TO TITLE 42 U.S.C. 2000(e), (f) (g) (i)," but it is more likely the Rehfusses rely on 42 U.S.C. § 1983 because that provision provides for claims for civil rights violations. The provisions listed in the caption do not provide for such claims.⁵

In the proposed complaint, the Rehfusses complained that the Guadalupe Sheriff's Department had stated that previously dismissed charges would be brought against Jo Ann Rehfuss. The Rehfusses also complained that the Justice of the Peace had issued warrants for Jo Ann Rehfuss's arrest for failing to appear. As relief, the Rehfusses asked the district court to

---

²*See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

³*See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997).

⁴*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

⁵Section 2000e applies to employment actions; section 2000f applies to voting registration and voting statistics; section 2000g applies to community relations service; and section 2000i does not exist.

"halt any further prosecution." Because the proposed complaint is vague, I searched the Guadalupe County online public records for information for evaluating the Rehfusses' complaint. I determined that Jo Ann Rehfuss was charged with aggravated assault with a deadly weapon in the 25th District Court, Guadalupe County, on February 1, 2008. The charges were dismissed on November 17, 2008. This information confirms the Rehfusses's reference to a previously dismissed charge against Jo Ann Rehfuss. I also determined that Jo Ann Rehfuss was charged in Precinct No. 1, Justice of the Peace, Guadalupe County, with a Texas Health and Safety Code violation on December 13, 2007. A warrant was issued on December 13, 2007; the warrant is closed. The charge was dismissed on May 29, 2008. This information confirms the Rehfusses's reference to a warrant issued by the Justice of the Peace. My search produced no other criminal charges. The Rehfusses did not explain how the charges violated their constitutional rights—other than vaguely referring to a violation of the right to pursue happiness and the right to equal protection—but the Rehfusses' prayer indicates they seek an injunction preventing Guadalupe County from prosecuting Jo Ann Rehfuss. This request fails to state a claim upon which relief may be granted because the federal court has no jurisdiction over state criminal charges.

Section 2283 of Title 28, United States Code, expressly prohibits federal courts from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[6] Ordinarily, a federal court will not "enjoin state officers from instituting criminal actions . . . [because state officers] are charged with the duty of prosecuting offenders against the

---

[6] 28 U.S.C. § 2283.

laws of the state, and must decide when and how this is to be done."[7] "The accused should first set up and rely upon his defense in the state courts . . . unless it plainly appears that this course would not afford adequate protection."[8] Although 42 U.S.C. § 1983 is an exception to the anti-injunction statute,[9] a plaintiff seeking injunctive relief must still "demonstrate that he will suffer irreparable injury if the federal court stays its hand, and . . . that he does not have an adequate remedy at law in the state courts."[10]

The Rehfusses cannot show that Jo Ann Rehfuss will suffer irreparable injury because no charges are pending. In addition, the Rehfusses cannot show that Jo Ann Rehfuss has no adequate remedy at law because Texas law provides criminal defendants with remedies.[11] Without a showing of irreparable injury or an inadequate remedy, a federal court cannot enjoin the state court. The claims relating to the criminal charges against Jo Ann Rehfuss should be dismissed for failing to state a claim.

The Rehfusses also complained that the Guadalupe County Appraisal District violated

---

[7] *Younger v. Harris*, 401 U.S. 37, 45 (1971). *See Trainor v. Hernandez*, 431 U.S. 434, 441 (1977) ("[B]asic concerns of federalism . . . counsel against interference by federal courts, through injunctions or otherwise, with legitimate state functions, particularly with the operation of state courts.").

[8] *Id*. (citation & quotation marks omitted).

[9] *See Mitchum v. Foster*, 407 U.S. 225, 243 (1972) (explaining why section 1983 is an "expressly authorized" exception of to the anti-injunction law).

[10] *Duke v. Texas*, 477 F.2d 244, 248 (5th Cir. 1973).

[11] The Rehfusses' allegations indicate the state-court remedies provided Jo Ann Rehfuss with relief—the charges against Jo Ann Rehfuss were dismissed.

their civil rights by increasing their property taxes.[12] This claim fails to state a claim because a federal court lacks jurisdiction over state tax issues. The Tax Injunction Act prohibits a federal court from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."[13] This prohibition is "a broad restriction on federal jurisdiction in suits that impede state tax administration. . . ."[14] Although the Rehfusses characterized this lawsuit as "the only course the plaintiff's [sic] can take," Texas law provides procedures for protesting a property valuation to an appraisal review board,[15] submitting a dispute to binding arbitration,[16] and seeking judicial review.[17] Where state law offers a plain, speedy and efficient remedy, a federal court lacks jurisdiction to interfere with administration of state tax. The claims relating to the Rehfusses' property taxes should be dismissed for failing to state a claim.

**Recommendation**. For the reasons discussed above, the Rehfusses' complaint fails to state a claim upon which relief may be granted. Consequently, I recommend DISMISSING this

---

[12] The Rehfusses complained that their property taxes increased from $55 to nearly $1,000 because they no longer had a dwelling on the taxed property. The Guadalupe County Appraisal District online public records indicate that Robert Rehfuss's property tax was $43.02 for 2006; $613.46 for 2007; $995.69 for 2008; and $708.55 for 2009. The increase in tax apparently resulted from the loss of a dwelling that served as the basis for a homestead exemption.

[13] 28 U.S.C. § 1341.

[14] *United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 326 (5th Cir. 1979).

[15] Tex. Tax Code Ann. § 41.01.

[16] Tex. Tax Code § 41A.01.

[17] Tex. Tax Code § 42.01.

case. I also recommend warning the Rehfusses under Rule 11[18] that if they continue to file claims lacking a basis in law, the district court will issue an order enjoining them from filing any future action in a federal court without permission from this court.[19]

This case exemplifies the Rehfusses' propensity for filing frivolous lawsuits. This lawsuit is the second time Jo Ann Rehfuss has sued Guadalupe County for the criminal charges discussed in this report. In Cause No. SA-08-CA-299-FB, Jo Ann Rehfuss complained about being falsely arrested for aggravated assault with a deadly weapon[20] and being harassed by the Justice of the Peace with visits by an environmental health official.[21] These allegations relate to the same charges complained about in this lawsuit. The district court explained why the claims based on those charges are frivolous in the order dismissing Cause No. SA-08-CA-299-FB.[22] Despite the explanation, Jo Ann Rehfuss filed this lawsuit. This example focuses on litigation about the criminal charges against Jo Ann Rehfuss, but the Rehfusses have filed other frivolous

---

[18]See Fed. R. Civ. P. 11 ("By presenting to the court a pleading, written motion, or other paper . . . an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) [the document] is not being presented for any improper purpose. . . ; [and] (2) the claims, defenses, and other legal contentions are warranted by existing law . . . ."). If a party violates the rule, the court may sanction the party.

[19]See Newby v. Enron Corp., 302 F.3d 295, 301 (5th Cir. 2002) ("[I]t is widely accepted that federal courts possess power under the All Writs Act to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions without permission from the court.").

[20]See Cause No. SA-08-CV-299-FB, docket entry # 2.

[21]See Cause No. SA-08-CV-299-FB, docket entry # 4.

[22]See Cause No. SA-08-CV-299-FB, docket entry # 6 (dismissing claims with prejudice).

lawsuits in federal court.[23]

The Rehfusses may be unaware of the consequences of filing claims that lack an arguable basis in law. To ensure plaintiffs understand the consequences of filing frivolous lawsuits, I recommend warning the Rehfusses about Rule 11's requirements and the consequences of non-compliance.

To the extent that the Rehfusses may complain about a lack of notice that the court is considering dismissal of this case, the Rehfusses should treat this report and recommendation as notice and respond in accordance with the following instructions.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days

---

[23] *See* Cause No. 99-CV-1047-OG, docket entry #s 15 & 19 (dismissing Robert Rehfuss's age discrimination claim for failing to state a claim; Robert Rehfuss alleged that Chuck R. Kohutek d/b/a Windy Point revoked an offer to hire him as a disk jockey because of his age); Cause No. 04-CV-338, docket entry #s 5 & 6 (dismissing lawsuit against the Luling Cowboy Bible Church; Jo Ann Rehfuss complained that she was denied access to the church); Cause No. 04-CV-1187-FB, docket entry #s 13 & 14 (dismissing as frivolous lawsuit against Luling Police Department; Jo Ann Rehfuss complained that she was charged with assault and taken for mental health treatment against her will); Cause No. 05-CV-642-NSN, docket entry # 16 (dismissing with prejudice Robert C. Rehfuss's claim against Lost N' Found Bar; Robert Rehfuss complained that the bar's owner told him and his wife they could not come back). *See also* Cause No. 92-CV-581 (D. Ariz.), docket entry #s 14 & 15 (granting defendant Associate Financial Services's motion for summary judgment and dismissing Jo Ann Rehfuss's claims; no document images available); Cause No. 96-CV-2825 (D.S. Car.), docket entry #s 6 & 7 (dismissing lawsuit filed by Jo Ann Rehfuss against South Carolina Dep't of Social Services without prejudice; no document images available); Cause No. 97-CV-3116 (D.S. Car.), docket entry #s 11 & 12 (granting summary judgment in favor of defendant Greenville General Hospital and dismissing Jo Ann Rehfuss's claims with prejudice; no document images available).

after being served with a copy of same, unless this time period is modified by the district court.[24] **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[25] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[26]

    **SIGNED** on November 10, 2009.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[24] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[25] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[26] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).